UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GJS Properties, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>June Warehousing, LLC,<br>   Defendant | Case No. 2:24-cv-04779<br><br>**OPINION AND ORDER ON MOTION FOR DEFAULT JUDGMENT** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff GJS Properties, LLC brings this action against Defendant June Warehousing, LLC for breach of a lease agreement by which Plaintiff leased commercial real estate to Defendant. Plaintiff alleges that Defendant vacated the leased premises prematurely and failed to pay its monthly rent and other required fees. Plaintiff filed its Complaint on April 11, 2024, ECF No. 1, and served a summons on Defendant on April 12, 2024, ECF No. 2, which was returned executed on July 25, 2024, ECF No. 4. The Clerk issued its Entry of Default on August 2, 2024. ECF No. 5. On October 25, 2024, Plaintiff filed its Motion for Default Judgment. ECF No. 6.

   **I.   LEGAL STANDARD**

While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Accordingly, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

   **II.   SERVICE**

According to the Certificate of Service signed by Carol L. Kearney, ECF No. 6-4, service of the motion for default judgment was made "upon the defendant's registered agent" at:

1

>JUNE WAREHOUSE, LLC
>a/k/a JUNE HOMES, LLC
>c/o AGENTS AND CORPORATIONS, INC.
>1202 ORANGE STREET
>SUITE 600
>ONE COMMERCE CENTER
>WILMINGTON, DE 19801

This is the same address listed on the Summons. The Summons was served personally on an individual identified as "Jenn Frantz, Corporate Specialist authorized to accept." *See* ECF No. 4.

The Court observes three deficiencies in Plaintiff's service that collectively preclude default judgment at this stage. First, both the Summons and the motion for default judgment were served on "June Warehouse, LLC", while the named Defendant in this case is "June Warehousing, LLC". This error is compounded by the second: the service address for both documents differs from the address listed in the operative lease agreement. Paragraph 17 of the lease instructs that "All notices required or permitted to be given under [the] Lease shall be deemed given on the date of personal delivery or, if by mail, deemed given three (3) calendar days after deposit in the United States mail, by certified mail, prepaid and return receipt requested … addressed to Tenant at:

>JUNE WAREHOUSING, LLC
>164 W. 25th Street, 10th Floor
>New York, New York 10001

Nothing in the record indicates that Defendant has changed its corporate name from June Warehousing, LLC to June Warehouse, LLC, nor that Defendant has adopted a mailing address different from the address provided in the lease agreement.

The third deficiency relates to the agent who accepted service of the Summons. Ms. Frantz, "Corporate Specialist authorized to accept" service, is not identified in the record as being affiliated with the Defendant and does not hold a title that would indicate implicit authorization to accept service. "For service of process to be valid upon an agent, it must be shown that [s]he was actually appointed by the defendant for the specific purpose of receiving process." *U.S. v. Marple Community Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971). Nothing in the record, apart from her own attestation on the Proof of Service, indicates that Ms. Frantz is an authorized agent for the receipt of service for Defendant. *Cf. Reiser v. Central Funeral Home of New Jersey, Inc.*, Civil Action No. 20-9407 (SRC), 2021 WL 689149 (D.N.J. Feb. 23, 2021) ("Plaintiff had filed a proof of service for each Defendant which states that each Defendant was served at the business address of the funeral home Defendants by leaving a copy with 'Aracelis Deville,' who, the proof of

service states, was 'authorized to accept service.' This Court found that this was insufficient to establish proper service.").

Before granting a motion for default judgment, the Court is cognizant of its obligation to ensure that Defendant has been properly served under Fed. R. Civ. P. 4. The evidence before the Court is not sufficient to establish that the recipient of the summons was authorized to accept service for the Defendant under Fed. R. Civ. P. 4(e)(2)(c).

### III.   CONCLUSION & ORDER

For these reasons,

**IT IS** on this 5th day of December, 2024,

**ORDERED** that Plaintiff's motion for entry of default judgment (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.

DATE: December 5, 2024

WILLIAM J. MARTINI, U.S.D.J.

3