UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GJS Properties, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>June Warehousing, LLC,<br>    Defendant | Case No. 2:24-cv-04779<br><br>**OPINION ON SECOND MOTION FOR DEFAULT JUDGMENT** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff GJS Properties, LLC brings this action against Defendant June Warehousing, LLC for breach of a lease agreement by which Plaintiff leased commercial real estate to Defendant. Plaintiff alleges that Defendant vacated the leased premises prematurely and failed to pay its monthly rent and other required fees. Plaintiff filed its Complaint on April 11, 2024, ECF No. 1, and served a summons on Defendant on April 12, 2024, ECF No. 2, which was returned executed on July 25, 2024, ECF No. 4. The Clerk issued its Entry of Default on August 2, 2024. ECF No. 5. On October 25, 2024, Plaintiff filed its first Motion for Default Judgment. ECF No. 6. That motion was denied without prejudice to allow Plaintiff the opportunity to correct three service deficiencies. ECF No. 7. Defendant was again placed in default on April 3, 2025, ECF No. 10, and Plaintiff filed its second motion for summary judgment on April 4, 2025, ECF No. 11.

    **I.    LEGAL STANDARD**

    While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Accordingly, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted). As to jurisdiction, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires plaintiff's pleading to provide "a short and plain statement of the grounds for the court's jurisdiction."

1

## II. SERVICE

The Court's opinion on Plaintiff's first motion for default judgment identified three shortcomings in Plaintiff's attempts to effect service: first, that the service documents improperly named the Defendant as June Warehouse, LLC instead of June Warehousing, LLC; second, that Plaintiff had not attempted service directed to the address listed for correspondence in the underlying lease agreement; and third, that the recipient named in the certification of service was impermissibly vague, identified only as an "individual authorized to accept service." Noting these deficiencies, the Court denied Plaintiff's first default judgment motion without prejudice to ensure that Defendant had an adequate opportunity to respond to Plaintiff's allegations. ECF No. 7. Plaintiff's renewed motion cures all three defects. *See* ECF No. 11-2 (including attempts at service to address listed in lease agreement and certification of service received by Austin Severance, Corporate Specialist authorized to accept service on behalf of June Warehousing, LLC). Plaintiff has produced sufficient proof of service.

## III. JURISDICTION

Plaintiff's "short and plain" jurisdictional statement alleges that "[t]his Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a) because (a) there is complete diversity of citizenship between plaintiff and defendant, and (b) the matter in controversy exceeds the sum of $75,000." Compl. ¶ 3. Plaintiff adequately alleges that the amount in controversy exceeds $75,000 exclusive of interest and costs by detailing that the Defendant owes $205,533.20 in unpaid rent, late payment fees, and common area maintenance fees, and by providing an itemized accounting of these outstanding charges. ECF No. 11-1 ¶ 6.

As to diversity of citizenship, for jurisdictional purposes, an LLC is a citizen of all the states of its members. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Plaintiff's Complaint does not contain any factual allegation regarding the citizenship of its own member nor the members of the Defendant LLC. In order to ensure that jurisdiction would be proper prior to considering entry of default judgment, the Court instructed Plaintiff to provide information concerning the citizenship of the member of Plaintiff and Defendant LLCs. ECF Nos. 14, 15. In response, Plaintiff submitted an affidavit[1] in which its sole member, Sandro Gutilla, confirmed their own New Jersey citizenship, and stated that "[t]he members of the defendant, June Warehousing LLC, are unknown to me except for Daniel Misnin who signed the commercial lease on behalf of defendant (which is the subject of this civil action). Mr. Misnin never provided me with any information as to his residential address." ECF No. 16.

---

[1] Plaintiff's filing, though labeled on the docket as an additional "Motion for Default Judgment," is a letter in response to the Court's Order. *See* ECF No. 16.

Without any allegation concerning the citizenship of the Defendant—and, indeed, with confirmation from Plaintiff's sole member that they lack sufficient information to determine that the parties are completely diverse—the Court is not satisfied that is has subject matter jurisdiction under 28 U.S.C. § 1332(a), and cannot grant Plaintiff's motion for default judgment. *See, e.g., Zurich Am. Ins. Co. v. Big Green Grp., LLC*, 2022 WL 1553332, *3 (D.N.J. May 17, 2022) (denying motion for default judgment where "Plaintiffs do not provide any information about the citizenship of the members of the Defendant LLCs" because "[w]ithout such information, the Court cannot determine the citizenship of Defendants for purposes of diversity jurisdiction."); *Fung v. Wells Fargo Bank*, 2021 WL 3124323, *7 (D.N.J. July 23, 2021) (same); *AvalonBay Cmtys., Inc. v. Aspen Specialty Ins. Co.*, 2021 WL 1921528, *2 (May 13, 2021).

### IV.  CONCLUSION & ORDER

Because Plaintiff's Complaint lacks sufficient information concerning the citizenship of the Defendant, Plaintiff's second motion for default judgment is **DENIED WITHOUT PREJUDICE**.  Plaintiff shall have forty-five (45) days to provide supplemental information regarding Defendant's citizenship and renew its motion for default judgment. If Plaintiff fails to provide such information within forty-five (45) days, its motion for default judgment will be dismissed with prejudice.

An appropriate order follows.

DATE: May /2, 2025

WILLIAM J. MARTINI, U.S.D.J.