UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GJS Properties, LLC,<br><br>Plaintiff,<br><br>v.<br><br>June Warehousing, LLC,<br>Defendant | Case No. 2:24-cv-04779<br><br>**OPINION AND ORDER DENYING THIRD MOTION FOR DEFAULT JUDGMENT** |

**WILLIAM J. MARTINI, U.S.D.J.:**

The Court is in receipt of Plaintiff's Third Motion for Default Judgment, ECF No. 19, and its certification of counsel, ECF No. 21, in which Plaintiff confirms that it has been unable to confirm the identities (and by extension, the state(s) of citizenship) of Defendant LLC's members. *See* ECF No. 21 ¶¶ 12-13 (acknowledging that Defendant has been unable to discover the identity of Defendant's members and arguing that the Court should accept jurisdiction "in the interest of justice").

"Federal courts are courts of limited jurisdiction. Before a federal court exercises any governmental power, it has a duty to determine its own jurisdiction to act." *Edgar v. MITE Corp.*, 547 U.S. 624, 653 (1982) (Stevens, J. concurring in part); *see also Reich v. Local 30 Intern. Broth. Of Teamsters*, 6 F.3d 978, 982 & n.5 (3d Cir. 1993); *Animal Science Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842 (D.N.J. 2008), *Teamsters-Employer Local No. 945 Pension Fund et. al. v. Acme Sanitation Corp.*, 963 F. Supp. 340 (D.N.J. 1997). Subject matter jurisdiction cannot be waived. *Duvall v. Elwood*, 336 F.3d 228, 230 n.3 (3d Cir. 2003) (citing *Okereke v. United States*, 307 F.3d 117, 120 n.1 (3d Cir. 2002)). Accordingly, before granting a motion for default judgment, courts in the Third Circuit must first assess whether "plaintiff produced sufficient ... evidence of jurisdiction[.]" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015).

This Court denied Plaintiff's second motion for default judgment because it lacked information concerning the citizenship of Defendant's members and, as such, could not conclude that Plaintiff and Defendant were completely diverse. *See* ECF No. 17 at 2-3. Despite its apparent diligence, Plaintiff remains unable to confirm the identities (and, by extension, citizenships) of Defendant's members. Accordingly, it is hereby **ORDERED** that the Court continues to lack the authority to adjudicate Plaintiff's motion, and as such the Plaintiff's motion (ECF No. 19) is **DENIED**. The Court notes that Plaintiff remains free to pursue its claims in a court of general jurisdiction (*e.g.*, in state court).

It is further **ORDERED** that the Court will permit Plaintiff to voluntarily dismiss this action without prejudice. Plaintiff may file its stipulation of voluntary dismissal within the next

**30 days**. After 30 days, if Plaintiff has not filed its stipulation of dismissal, this matter will be dismissed with prejudice.

DATE: July 14, 2025

WILLIAM J. MARTINI, U.S.D.J.